IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DISTRICT OF COLUMBIA,<br><br>Plaintiff,<br><br>v.<br><br>MARIA SHERIDAN, *et al.*,<br><br>Defendants. | C.A. No. 1:25-cv-01580 (LLA) |

**DEFENDANTS' MOTION FOR PRELIMINARY INJUNCTION**

Pursuant to Rules 65(a) and (d) of the Federal Rules of Civil Procedure, defendants respectfully request that this Court issue a preliminary injunction requiring plaintiff to maintain and fund M.S.'s current educational placement at The Lab School of Washington according to the "stay-put" provision of the Individuals With Disabilities Education Improvement Act, 20 U.S.C. § 1415(j), through her high school graduation in June 2025. The grounds for this motion appear in the accompanying memorandum of points and authorities and exhibits. Pursuant to LCvR 7(m), defendants conferred with plaintiff prior to filing this motion; plaintiff does not consent to this motion and will not agree to honor M.S.'s "stay-put" rights at Lab.

WHEREFORE, defendants respectfully request that this motion be granted.

Respectfully submitted,

/s/ *Paula A. Rosenstock*
Paula A. Rosenstock        #494580
Michael J. Eig             #912733
Meghan M. Probert          #1004929
MICHAEL J. EIG AND ASSOCIATES, P.C.
5454 Wisconsin Avenue, Suite 760
Chevy Chase, Maryland 20815
(301) 657-1740

Counsel for Defendants

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DISTRICT OF COLUMBIA, <br><br> Plaintiff, <br><br> v. <br><br> MARIA SHERIDAN, *et al.*, <br><br> Defendants. | C.A. No. 1:25-cv-01580 (LLA) |

**DEFENDANTS' MEMORANDUM IN SUPPORT OF MOTION FOR PRELIMINARY INJUNCTION**

Injunctive relief is necessary to protect M.S.'s right to a free appropriate public education ("FAPE"), under the Individuals with Disabilities Education Improvement Act ("IDEA"), 20 U.S.C. § 1400 *et seq.* M.S. requires such relief because of the refusal of her school system to follow the clear mandate of federal law. After a Due Process Hearing under the IDEA, an Impartial Hearing Officer ordered the District of Columbia Public Schools ("DCPS" or "the school system"), to fund the remainder of M.S.'s tuition in her nonpublic placement, The Lab School of Washington ("Lab School"), through her high school graduation in June 2025. Yet, despite that order, DCPS has refused to pay the remainder of the tuition and has now appealed the Hearing Officer's Determination to this Court. While this action continues, and if it is not moot, DCPS is in clear violation of federal law by failing to continue to fund M.S.'s current educational placement at Lab School, despite an Order from the Hearing Officer confirming maintenance of her placement at Lab School during the pendency of the administrative proceedings and a ruling in the parents' favor at hearing. Accordingly, defendants file this motion

2

for preliminary injunction.

I.  **FACTUAL BACKGROUND.**[1]

M.S. has attended the Lab School since the 2015-2016 school year. Exhibit 1 at 5-6. She has been funded by DCPS at Lab School since the 2022-2023 school year due to Hearing Officer Determinations. *Id.*

A due process hearing was convened in February 2024 and the Hearing Officer found in favor of the parents and determined that DCPS had denied M.S. a FAPE through its failure to have an IEP in place at the start of the 2023-24 school year. *Id.* at 9-10. The Hearing Officer did not rule on the appropriateness of the belated October 2023 IEP. *Id.* M.S. remained funded by DCPS for the remainder of the 2023-24 school year. *Id.* at 11.

In August 2024, the parents filed another due process complaint seeking placement and funding for M.S. at Lab for the 2024-25 school year, her senior year of high school. *Id*. at 12. M.S. remained funded at Lab School by DCPS pursuant to the earlier Hearing Officer Determination as well as her "stay-put" rights under federal law. *Id.* at n.10.

The most recent due process hearing was convened in February 2025 and the Hearing Officer issued his Determination on February 16, 2025. *Id.* at 4. The Hearing Officer concluded that it would be inappropriate to move M.S. four months before her high school graduation and ordered DCPS to continue to fund her placement at Lab School for the remainder of the school year. *Id.* at 20-22. M.S. graduated from Lab School on June 13, 2025, at the end of the 2024-2025 school year. *See* Transcript attached as Exhibit 2.

---

[1]  These facts are confirmed in the Hearing Officer Determination from February 16, 2025 (attached as Exhibit 1).

3

However, DCPS has now appealed that Hearing Officer Determination and refused to pay the remainder of M.S.'s tuition at the end of the 2024-25 school year. *See* Email from Plaintiff attached as Exhibit 3. Defendants were only made aware of this when they were served with the complaint in August, months after M.S.'s graduation. It is also notable that plaintiffs have now reimbursed defendants for the attorneys' fees associated with the recent due process appeal, relief that is only available to a parent when they are considered to be the prevailing part at the due process hearing. *See* Attorney Invoice Submission Forms and Payment Voucher attached as Exhibit 4.

Defendants have contacted counsel for plaintiffs seeking agreement that DCPS will continue to honor M.S.'s "stay put" placement at Lab School during this appeal for the remainder of her high school tuition for the 2024-25 school year. Counsel has indicated that DCPS does not agree to honor M.S.'s "stay put." Defendants now file this motion to maintain "stay-put" protection at Lab School through M.S.'s graduation in June 2025.

## II. LAB SCHOOL IS M.S.'S CURRENT EDUCATIONAL PLACEMENT FOR THE ENTIRE 2024-2025 SCHOOL YEAR.

Lab School is M.S.'s current educational placement since it is the last placement deemed proper by agreement or adjudication. *See*, e.g., *Town of Burlington v. Department of Educ. for the Commonwealth of Massachusetts*, 736 F.2d 773 (1st Cir. 1984), *aff'd*, *Burlington Sch. Comm. v. Dep't of Educ.*, 471 U.S. 359 (1985). As detailed in the facts, DCPS has been funding her placement there for a number of years. For the most recent school year, DCPS funded M.S.'s placement at Lab pursuant to her "stay-put" rights, before it was ordered to fund the remainder of the school year in a February 2025 Hearing Officer Determination. M.S.'s right to current

placement protection is guaranteed during the pendency of the proceedings that are the subject of the current appeal.

The refusal of the school system to maintain M.S.'s placement at Lab School is remarkably well documented and in direct violation of the law; the IDEA provides this "stay put" protection for a student's current educational placement as a means of preserving the *status quo* of the student's educational placement and program until underlying IDEA litigation is resolved. *See, e.g., Drinker by Drinker v. Colonial Sch. Dist.*, 78 F.3d 859, 865 (3d Cir. 1996).  Thus, where the parents and the school system do not agree as to the appropriateness of a proposed placement, "stay-put" applies.  Additionally, the Supreme Court and the federal regulations promulgated pursuant to the IDEA are clear that a child's then-current placement is the last agreed-upon placement, including a placement resulting from a prior due process appeal: "If the hearing officer in a due process hearing conducted by the SEA or a State review official in an administrative appeal agrees with the child's parents that a change of placement is appropriate, that placement must be treated as an agreement between the State and the parents for purposes of paragraph (a) of this section." 34 C.F.R. § 300.518(d).   That is precisely what has occurred here.

Moreover, the parents' position is consistent with long-standing Supreme Court guidance, a parent-favorable decision at a Due Process Hearing, "would seem to constitute an agreement by the State to the change of placement." *Burlington*, 471 U.S. at 372.  Thus, "stay put" protection applies to decisions by a Hearing Officer:

> [D]uring the pendency of any proceedings conducted pursuant to this section, unless the State or local educational agency and the parents otherwise agree, the child shall remain in the then-current educational placement of such child . . . .

20 U.S.C. § 1415(j); 34 C.F.R. § 300.518(a).

Under the IDEA, M.S. is guaranteed "stay put" protection at Lab School until either (1) the parent can reach agreement with DCPS that an alternative placement is appropriate, or (2) the judicial process determines that the school system has offered M.S. an appropriate placement as of a particular date. *See Susquenita Sch. Dist. v. Raelee S.*, 96 F.3d 78, n.6 (3d Cir. 1996) (citing *Drinker*, 78 F.3d 859) ("a child should remain in that placement pending resolution of the litigation at least at the district court level."). Since the parties are not in agreement over the appropriateness of the school system's proposal and the school system has appealed the recent Hearing Officer Determination, DCPS must maintain M.S.'s placement at Lab School during the pendency of any proceedings challenging the Hearing Officer's Determination. The very definition of "stay put" protection requires upholding the current placement until the judicial process issues a final decision of appropriateness. In M.S.'s case, that means maintaining her placement through her high school graduation in June 2025.

This fact pattern was precisely what occurred in *District of Columbia v. Vinyard*, 901 F. Supp. 2d 77, (D.D.C. 2012), where the Court held that DCPS must maintain placement during the pendency of the Court appeal:

> At this juncture, the hearing officer's unequivocal holding in favor of Defendants' placement of G.V. at the Lab School constitutes an ***agreement*** as to G.V.'s current educational placement for the limited purposes of stay-put relief. Accordingly, by operation of the June 30, 2012 HOD, G.V.'s educational placement became the Lab School, and the District's decision to decline to fund G.V.'s education at the Lab School during ongoing legal proceedings constitutes a unilateral change in placement that is prohibited by the stay-put provision.

*Vinyard*, 901 F. Supp. 2d at 86 (emphasis added). *See also A.D. v. District of Columbia*, No. 20-cv-2765, 2021 WL 354175, at *5 (D.D.C. Feb. 2, 2021); *J.S. v. District of Columbia*, No. 21-cv-0293, 2021 WL 1428998, at *7 (D.D.C. Apr. 15, 2021). In both *Vinyard* and here, Lab

School was the last placement adjudicated (and, in both cases, by Hearing Officers), to be beneficial and appropriate for the student in question.

Under the language of the IDEA and relevant caselaw, including the Court's holding in *Vinyard*, there can be no question that Lab School is M.S.'s current educational placement and must be maintained during the appeal.

## III. DEFENDANTS ARE ENTITLED TO AN AUTOMATIC STAY.

Defendants are entitled to injunctive relief to enforce the "stay put" provision. When a parent invokes "stay put" protection in a federal court, it is not necessary to exhaust all administrative remedies as would be the case in other actions premised on the IDEA. *Vinyard*, 901 F. Supp. 2d at 83-84; *see also, Alston v. District of Columbia*, 439 F. Supp. 2d 86, 91 (D.D.C. 2006) (citing *Murphy v. Arlington Cent. Sch. Dist. Bd. of Educ.*, 297 F.3d 195, 199 (2d Cir. 2002)). Rather, the need for expediency in resolving "stay put" issues makes even the administrative process too slow, necessitating immediate intervention by federal court. *Murphy*, 297 F.3d at 199.

Moreover, when a parent seeks an injunction to enforce "stay put," they also need not adhere to the traditional four-factor standard for a preliminary injunction. *Vinyard*, 901 F. Supp. 2d at 84; *Alston*, 439 F. Supp. 2d at 91-92; *Moore v. District of Columbia,* Slip Copy, 2009 WL 1097489 (D.D.C. April 22, 2009); *F.S. ex rel. Snyderman v. District of Columbia*, 2007 WL 1114136 (D.D.C. 2007); *Andersen by Andersen v. District of Columbia*, 877 F.2d 1018, 1024 (D.C. Cir. 1989) (contrasting "stay put" motions before the District Court, which need not satisfy the traditional four-factor test for a preliminary injunction, with "stay put" motions before the Circuit Court of Appeals, which must do so); *Cochran v. District of Columbia*, 660 F.Supp. 314,

319 (D.D.C. 1987); *Saleh v. District of Columbia,* 660 F.Supp. 212, 215 (D.D.C. 1987) (the parents are entitled to an automatic preliminary injunction without any additional showing); *Doe v. Maher,* 793 F.2d 1470, 1486 (9th Cir. 1986), aff'd, *Honig v. Doe*, 484 U.S. 305 (1988); *Zvi D. by Shirley D. v. Ambach,* 694 F.2d 904, 906 (2d Cir. 1982); *Casey K. ex rel. Norman K. v. St. Anne Community High School Dist. No. 302*, 400 F.3d 508, 511 (7th Cir. 2005). The reason is clear: "stay put" placement in the IDEA is a statutory injunction and all that must be proven are the facts supporting the application of the injunction.

Instead of the traditional four-factor standard for injunctive relief, the proper test for the Court in evaluating a "stay put" injunction is whether there is a pending appeal – administrative or judicial – involving a proposed change of placement. DCPS proposed to change M.S.'s placement and has now appealed a Hearing Officer Determination regarding that placement; therefore "stay put" protection is invoked.[2]

## IV.    CONCLUSION.

As demonstrated in this memorandum, defendants meet the "stay put" statutory test for injunctive relief. Therefore, defendants respectfully request that this motion for a preliminary injunction be granted and that DCPS be ordered to maintain M.S. in her current educational placement at Lab School through her high school graduation in June 2025.

---

[2] We have noted that this action also appears to be moot since M.S. graduated from Lab School in June. It does appear that if the school system is ordered to pay for the last few months of M.S.'s tuition at Lab School through an Order of this Court, that there would then be no live controversy between the parties.

8

        Respectfully submitted,

        <u>  /s/ *Paula A. Rosenstock*  </u>
        Paula A. Rosenstock     #494580
        Michael J. Eig            #912733
        Meghan M. Probert     #1004929

        MICHAEL J. EIG AND ASSOCIATES, P.C.
        5454 Wisconsin Avenue, Suite 760
        Chevy Chase, Maryland 20815
        (301) 657-1740

        Counsel for Defendants